1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

DEC 23 2024

PER_____
DEPUTY CLERK

IMHOTEP MUHAMMAD,

Plaintiff,

v.

DAUPHIN COUNTY PRISON, LIONEL PIERRE, et al.,

Defendants.


Civil Action No. [24-cv-2077]

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER


**INTRODUCTION**

Plaintiff Imhotep Muhammad seeks a protective order to prevent harassment,

targeting, intimidation, threats, retaliation, and abuse from Defendant Lionel

Pierre, other Dauphin County Prison correctional officers, and any individuals

associated with or working alongside the Defendants. Plaintiff asserts that these

acts have created an intolerable and unconstitutional prison environment in

violation of fundamental rights guaranteed under the United States Constitution.

2

Plaintiff further requests that any breach of this protective order result in criminal sanctions and fines as deemed appropriate by the Court.

**LEGAL ARGUMENT**

## I. THE COURT HAS AUTHORITY TO ISSUE A PROTECTIVE ORDER UNDER FEDERAL LAW

The Court has the inherent authority to issue protective orders to prevent ongoing abuse, harassment, and intimidation. Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court may issue protective orders to safeguard parties from "annoyance, embarrassment, oppression, or undue burden."

The United States Supreme Court has emphasized the judiciary's inherent power to manage its proceedings and to prevent abuse. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). This authority includes protecting litigants from retaliatory or abusive conduct by opposing parties or their agents, particularly where such actions threaten constitutional rights.

## II. DEFENDANTS' ACTIONS VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS

4

3. Fourteenth Amendment Due Process Violations

The Due Process Clause of the Fourteenth Amendment ensures that inmates are not subjected to arbitrary or abusive treatment by prison officials. In Hope v. Pelzer, 536 U.S. 730 (2002), the Court found that prison officials deliberate actions causing harm to inmates violated due process protections. The alleged actions of the Defendants, including ongoing abuse and intimidation, violate Plaintiff's right to fair and humane treatment under the law.

### III. THE COLOR OF LAW DOCTRINE IMPLICATES DEFENDANTS' LIABILITY

Defendants' actions, carried out under the guise of their official duties, fall under 42 U.S.C. § 1983. This statute provides a remedy for individuals whose constitutional rights are violated by state actors operating under the color of law.

In Monroe v. Pape, 365 U.S. 167 (1961), the Supreme Court emphasized that state actors who use their positions to deprive individuals of constitutional rights can be held liable under § 1983. The conduct alleged here—including threats,

5

retaliation, and harassment—constitutes a clear abuse of power under the color of law.

## IV. REQUEST FOR CRIMINAL SANCTIONS FOR VIOLATIONS OF THE ORDER

Plaintiff requests that the Court impose criminal sanctions for any breach of the protective order. Such sanctions are warranted under 18 U.S.C. § 242, which criminalizes the deprivation of constitutional rights under the color of law.

In United States v. Lanier, 520 U.S. 259 (1997), the Supreme Court affirmed that officials acting under the color of law are subject to criminal penalties for egregious violations of constitutional rights. Any further actions by Defendants or their associates that contravene this protective order should result in appropriate criminal charges and fines to deter future misconduct.

## V. PROTECTIVE ORDERS IN PRISON LITIGATION

Federal courts have routinely issued protective orders in cases involving allegations of prison abuse to prevent further harm to inmates. See, e.g., Bell v. Wolfish, 441 U.S. 520 (1979). The Court's intervention is essential to ensure that

6

prison officials do not use their authority to retaliate against or abuse inmates exercising their legal rights.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the motion for a protective order to prevent further harassment, targeting, intimidation, threats, retaliation, and abuse. Plaintiff also seeks the imposition of criminal sanctions and fines for any breach of the protective order, as deemed appropriate by the Court.

Respectfully submitted,

Imhotep Muhammad

Pro Se Plaintiff