FILED
HARRISBURG, PA

DEC 23 2024

PER _____ 166_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CIV No. 1:24-cv-2077

## PLAINTIFF'S LETTER TO THE JUDGE

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

(Judge Bloom)

Hello, my name is Imhotep Muhammad the lead Plaintiff on the class action lawsuit under said docket. There are a few things I would respectfully like for the court to be aware of regarding my civil litigations.

Here are the relevant Supreme Court cases with detailed analysis showing that district courts should not be too quick to dismiss pro se civil motions or complaints:

1. Haines v. Kerner, 404 U.S. 519 (1972)

Key Holding:

The Supreme Court held that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." The Court

emphasized that district courts must carefully evaluate the claims of pro se litigants and should not dismiss them for mere technicalities.

Details:

In this case, an incarcerated plaintiff filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging mistreatment by prison officials. The district court dismissed the complaint for failure to state a claim, but the Supreme Court reversed, ruling that pro se complaints should be liberally construed. The Court noted that pro se litigants may lack legal expertise and should be given an opportunity to develop their claims.

Significance:

This case establishes that pro se plaintiffs are entitled to more lenient standards in pleading, and courts should allow pro se plaintiffs to present their claims before dismissing them, even if their complaints are not perfect in form.

4

3. Hughes v. Rowe, 449 U.S. 5 (1980)

Key Holding:

The Court reaffirmed the rule that district courts must provide pro se plaintiffs with opportunities to amend their complaints before dismissal, unless the claims are clearly without merit.

Details:

Hughes was a pro se prisoner who alleged constitutional violations by prison officials under 42 U.S.C. § 1983. The district court dismissed his complaint without allowing him the opportunity to amend. The Supreme Court reversed, holding that courts must give pro se plaintiffs an opportunity to correct deficiencies in their complaints. The Court emphasized that a pro se plaintiff should be afforded the right to amend unless the claim is utterly frivolous.

Significance:

This case emphasizes that courts should not dismiss pro se plaintiffs' claims without providing them an opportunity to amend, ensuring access to the judicial process and protecting against unfair dismissal.

5

4. Estelle v. Gamble, 429 U.S. 97 (1976)

Key Holding:

The Court held that even pro se plaintiffs are entitled to have their complaints reviewed liberally, particularly in cases involving constitutional violations.

Details:

In Estelle v. Gamble, a prisoner alleged that prison officials violated his Eighth Amendment rights by failing to provide necessary medical care. The Court held that the pro se complaint, which lacked specific details, was still sufficient to state a claim for relief, and the case should proceed to discovery. The Court made clear that pro se plaintiffs should not be dismissed based on the technicality of their complaint, particularly where constitutional rights are at stake.

Significance:

6

This case affirms the importance of allowing pro se plaintiffs to have their claims heard in cases where constitutional violations are alleged, and it underscores the principle of liberal construction of pro se pleadings.

5. Boag v. MacDougall, 454 U.S. 364 (1982)

Key Holding:

The Court stated that pro se plaintiffs should not be held to the same strict standards as attorneys, and courts must carefully consider the claims, particularly when a pro se plaintiff is asserting constitutional rights.

Details:

In this case, a pro se prisoner filed a civil rights complaint. The district court dismissed the case on procedural grounds, but the Supreme Court reversed, reaffirming that pro se litigants should not face overly strict procedural requirements and that their claims should be given full consideration.

Significance:

7

This case reinforces the notion that pro se plaintiffs are entitled to a fair opportunity to present their claims, and their lawsuits should not be dismissed prematurely for minor procedural issues.

6. Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984)

Key Holding:

The Court discussed the importance of giving pro se plaintiffs opportunities to rectify their procedural mistakes and not dismiss their cases too quickly, especially when those mistakes are technical in nature.

Details:

The plaintiff in this case failed to meet a procedural deadline for filing a discrimination claim. Although the lower courts dismissed the case based on this missed deadline, the Supreme Court stressed that pro se litigants, due to their lack of legal knowledge, should not be penalized with dismissal when they make procedural errors. The Court emphasized that pro se plaintiffs should be given some leeway to correct mistakes.

Significance:

8

This case further underscores the importance of providing pro se plaintiffs with the opportunity to correct mistakes and ensuring they are not prematurely penalized for procedural errors.

Conclusion

These Supreme Court cases collectively support the principle that pro se plaintiffs should be given substantial leeway in presenting their claims. District courts are required to liberally construe their filings, afford them an opportunity to amend their complaints if deficiencies are found, and not dismiss claims prematurely unless they are clearly without merit. Courts should provide pro se litigants with the chance to correct technical deficiencies and should focus on whether the claims, if true, could potentially lead to relief.

Respectfully Submitted,

[Imhotep Muhammad]

[2140 N 7th St Harrisburg, PA]

[717-562-6375]

[Imhotep756@gmail.com]