IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IMHOTEP ABDULLAH MOHAMMAD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHIEF DEPUTY WARDEN LIONEL PIERRE, et al,<br><br>Defendants. | : Civil No. 1:23-CV-2077<br><br>: (Judge Wilson)<br><br>: (Chief Magistrate Judge Bloom) |

REPORT AND RECOMMENDATION

I. Introduction

This case comes before us for a screening review of the plaintiffs' *pro se* civil complaint. The plaintiffs are Imhotep Muhammad and 12 other individuals who are currently, or were at one time, incarcerated in the Dauphin County Prison ("DCP") in Harrisburg, Pennsylvania. The complaint filed in this case lists the Chief Deputy Warden of the prison, Lionel Pierre; DCP; Prime Care, the medical provider for the prison; and 30 individual correctional officers or medical staff employed by Prime Care or DCP. (*See* Doc. 1).

The complaint appears to challenge a host of conditions within the prison that the plaintiffs believe violate their constitutional rights. (Doc. 1). The allegations include claims of poor air ventilation, pest infestation, polluted drinking water, undercooked food, poor plumbing systems, prolonged periods of confinement, lack of outdoor recreation time, religious discrimination, and "deliberate indifference." (Doc. 1 at 24-56). As to Imhotep Muhammad, this plaintiff also asserts a claim of inadequate medical care. (*Id.* at 44-47). The plaintiffs assert these claims under the First, Eighth, and Fourteenth Amendments to the United States Constitution. (*Id.* at 24-56; Docs. 1-1–1-12).[1] The complaint further alleges that the plaintiffs have suffered mental anguish, as well as some physical health issues including nausea, nosebleeds, headaches, skin irritations, and exposure to human waste due to these alleged

[1] Document 1 lists the allegations specific to Plaintiff Imhotep Muhammad. (Doc. 1). Attached to the complaint are "Declarations" of the other 12 named plaintiffs, which largely consist of identical allegations and injuries to that of Plaintiff Muhammad apart from Muhammad's alleged denial of medical care. (Docs. 1-1–1-12). Of note, it appears that Imhotep Muhammad is the only plaintiff that signed the complaint (Doc. 1 at 2); the "Declarations" of the other plaintiffs contain only typed names on the last page of each Declaration. *See Valentin v. TJX Companies, Inc.*, 2020 WL 1701707, at *3 & n.3 (E.D. Pa. April 8, 2020) (noting that a complaint filed in hard copy must be manually signed rather than contain a typed signature); Fed. R. Civ. P. 11(a).

constitutional violations.[2] (*Id.*). As relief, the plaintiffs request an aggregate sum of seven million dollars in compensatory damages, punitive damages, and declaratory relief. (Doc. 1 at 57-61).

Inherently problematic in this complaint is the lack of allegations specific to the individual plaintiffs, except for Imhotep Muhammad's claims of being denied medical care. Rather, the complaint and attached declarations of the plaintiffs appear to assert virtually identical allegations of general dissatisfaction and concerns with the conditions at DCP, as well as similar injuries. Further, the complaint fails to assert any specific allegations against the individual defendants, some of whom are named in the caption of the complaint but whose names appear nowhere within the body of the complaint or who are generally named in allegations against the defendants without mentioning any specific conduct.

[2] Imhotep Muhammad has since file a motion to amend his portion of the complaint, which purports to add allegations that he has further been exposed to black mold and other toxins, and that this prolonged exposure has the potential to result in kidney damage, although the plaintiff does not actually allege that he has been diagnosed with kidney damage. (Doc. 8).

This complaint, which has been signed only by Plaintiff Imhotep Muhammad, was filed on December 2, 2024, along with a motion for leave to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2). Imhotep subsequently filed a motion for a protective order. (Doc. 3). Four other plaintiffs—Harmoney Muhammad, Jeremy Cox, Charles Rankin, and David Chase—have since filed motions for leave to proceed IFP. (Docs. 7, 23, 25, 27). The remaining plaintiffs have not filed motions for leave to proceed IFP. Additionally, it appears that several plaintiffs have since been released from DCP but have not provided the Court with a forwarding address. (*See* Docs. 12-14, 16-17, 22).

Accordingly, we will direct that the complaint be lodged on the docket for screening purposes only but after consideration, we will recommend that the motions for leave to proceed IFP be denied, and this complaint be dismissed without prejudice to the plaintiffs filing individual complaints as described in more detail below.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*.

*See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted. *Id.* This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are

based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

**B. <u>This Complaint Should be Dismissed.</u>**

After review, we conclude that this complaint violates Rule 8 of the Federal Rules of Civil Procedure and should be dismissed.

At the outset, Muhammad is attempting to bring this action as a class action on behalf of himself and similarly situated inmates. (Docs. 1,

9). However, it is well settled that *pro se* prisoners may not seek relief on behalf of their fellow inmates. *See Alexander v. New Jersey State Parole Bd.*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005)). Moreover, to the extent that Muhammad has proposed this action as a prisoner class action (Doc. 1-1), "[w]hen confronting such a request from a prisoner, courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'" *Carter v. Taylor*, 540 F. Supp. 2d 522, 527 (D. Del. 2008) (quoting *Maldonado v. Terhune*, 28 F.Supp.2d 284, 289 (D.N.J. 1998) (citations omitted)); *see also Brown v. Wetzel*, 2021 WL 24575074, at *1-2 (W.D. Pa. June 16, 2021) (finding that the plaintiff failed to meet the fourth requirement for class certification under Federal Rule of Civil Procedure 23). Accordingly, any such request for this action to proceed as a class action should be denied.

We further note, since the "lead plaintiff" Imhotep Muhammad appears to have been released from DCP and is no longer incarcerated, that "*[p]ro se* plaintiffs are not favored as representative parties in a class action, as they generally cannot represent and protect the interests of the

class fairly and adequately." *Cahn v. United States*, 269 F. Supp. 2d 537, 547 (D.N.J. 2003) (citations omitted); *see also Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) (holding that "a non-lawyer appearing *pro se*, [is] not entitled to play the role of attorney" for other unrepresented parties). Accordingly, to the extent these claims are brought as a class action, these claims, as well as Muhammad's motion to certify the class (Doc. 9), should be dismissed.

Further, and more fundamentally, this complaint is devoid of any allegations specific to the *pro se* plaintiffs and any alleged harm they suffered, as well as any allegations specific to the named defendants. It is well established that "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Fowler*, 578 F.3d at 211 (citations omitted). A complaint must contain "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (citing *Twombly*, 550 U.S. at 555).

Here, the complaint asserts general allegations that prisoners housed at the Dauphin County Prison experienced violations of their constitutional rights. For example, the complaint alleges issues with the

prison's ventilation and plumbing systems, an alleged pest infestation, polluted drinking water, and undercooked food. (Doc. 1 at 24-56). Many of these prison conditions are alleged to "undermine the health of inmates and prison sanitation." (*Id.* at 24). However, as to the individual plaintiffs, the complaint and attached declarations generally assert similar generalized injuries—nosebleeds and headaches due to ventilation issues (Doc. 1 at 24); exposure to pests and bacteria due to the pest infestation (*Id.* at 27); deprivation of sunlight and fresh air due to being denied outdoor time (*Id.* at 33); sickness from polluted drinking water (*Id.* at 37); and exposure to second-hand smoke and other toxins that put inmates' health at risk (*Id.* at 50). These virtually identical complaints and allegations of generalized injuries are regurgitated in a boilerplate fashion in the individual declarations of the other 12 plaintiffs. (*See generally* Docs. 1-1–1-12).

The complaint further fails to adequately provide details in the allegations against the defendants. While the complaint names several dozen prison and medical officials, the prison itself, and Prime Care, the medical provider for the prison, many of the counts list roughly ten individual defendants, as well as "the entire Captain and Lieutenant

division at (DCP), as having committed the alleged constitutional violations. (*See e.g.*, Doc. 1 at 25, 27). Further, some counts simply name "All defendants" as having committed the alleged violations. (*See e.g.*, Doc. 1 at 33).

It is well established that in an action brought pursuant to 42 U.S.C. § 1983, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs[.]" *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). However, the complaint appears to assert the alleged constitutional violations against the defendants on a global scale, asserting generally that all the defendants are in some way responsible for the myriad wrongdoings alleged in the complaint.

Simply put, this complaint fails to comply with Rule 8's basic requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, for the reasons set forth above, this complaint should be dismissed. However, given that the plaintiffs are proceeding *pro se*, we recommend that this complaint be dismissed without prejudice to the plaintiffs filing individualized complaints regarding any alleged constitutional violations that resulted in any individualized harm to

them. *See Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the motions for leave to proceed *in forma pauperis* be DENIED, and that the complaint be dismissed without prejudice[3] to the plaintiffs filing individual complaints in the manner we have set forth in this Report and Recommendation.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those

[3] Because we are recommending dismissal of the complaint, we further recommend that the plaintiff's miscellaneous motions (Docs. 3, 20, 21) be dismissed without prejudice to such motions being filed in an appropriate individual action filed by any of the plaintiffs.

portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of January 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge