FILED
HARRISBURG, PA

JAN 3 0 2025

PER _____ _J̲B̲R̲_ _____
DEPUTY CLERK

1

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF

# PENNSYLVANIA

| | | |
|---|---|---|
| Imhotep Abdullah Muhammad | : | CIV **No: 1: 24-cv-2077** |
| PLAINTIFF | : | (Honorable Judge Wilson) |
| | : | |
| | : | |
| V | : | |

Lionel Pierre, (DCP)

DEFENDENTS

## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF

## PENNSYLVANIA

## PLAINTIFF'S LETTER TO THE JUDGE

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

**(Honorable Judge Wilson)**

2

Hello, my name is Imhotep Muhammad the Plaintiff on the Civil lawsuit under said docket. I would like to say thank you accepting and reviewing my docket for this civil action. I am fully aware of who you are by reading case law and would like to say I do have the up most respect for you. I heard and seen many good things from you which is very rare when it comes to many judges. You are a true blessing for many people to have in the court room and to stand in front of.

In this complaint I filed an indigent filing form or (forma pauperis) regarding me literally not have any funds to be able to pay for this litigation. I have an also filed motions in order to support the complaint. It all stims from another docket which is filed in the courts regarding Pennsylvania state police, violating my rights assaulting me and locking me up in DCP. The prosecution also violated my rights on many levels and held me illegally for 25 and 1 half months. During this time, I lost everything, my home, car, clothes, money everything. I have just been released October 24th, 2024 after going through an illegal trial and dealing with tons of prejudice. I have been released with multiple medical conditions mentioned in the complaint. Because of the damages I have received from being incarcerated

3

in (DCP), its things have been very difficult for me on the outside world.

Please feel free to see the other docket if you may. Also, I sent a letter to

the magistrate judges with the information mentioned below explaining

that judges should not be so quick to dismiss pro'se plaintiff civil litigations,

motions, complaints etc. Judge Bloom also claim that my legal claims are

not detailed. However, my claims are very detailed, I really don't know if

they could be any more detailed on what I was experiencing at dauphin

county prison.

I firmly believe that My complaint is properly formatted for the most part

which may have small mistakes here and there however those small

infractions should not warrant dismissal. Judge Bloom should have been

aware of these case law mention below. The case and inform below is what

I sent to him and the other Judges on a magistrate level. I also mention

some of this inform on my objection to **28 U.S.C. § 636(b)(1)(B). Below is**

**the information I sent to other judges and believe many of others if need**

**be should be aware of the information and authorities mentioned below.**

There are a few things I would respectfully like for the court to be aware of

regarding my civil litigations.

4

Here are the relevant Supreme Court cases with detailed analysis showing
that district courts should not be too quick to dismiss pro se civil motions or
complaints:

1. Haines v. Kerner, 404 U.S. 519 (1972)

Key Holding:

The Supreme Court held that pro se complaints are held to "less stringent
standards than formal pleadings drafted by lawyers." The Court
emphasized that district courts must carefully evaluate the claims of pro se
litigants and should not dismiss them for mere technicalities.

Details:

In this case, an incarcerated plaintiff filed a pro se civil rights complaint
under 42 U.S.C. § 1983, alleging mistreatment by prison officials. The
district court dismissed the complaint for failure to state a claim, but the
Supreme Court reversed, ruling that pro se complaints should be liberally
construed. The Court noted that pro se litigants may lack legal expertise
and should be given an opportunity to develop their claims.

Significance:

This case establishes that pro se plaintiffs are entitled to more lenient
standards in pleading, and courts should allow pro se plaintiffs to present

5

their claims before dismissing them, even if their complaints are not perfect in form.

2. Erickson v. Pardus, 551 U.S. 89 (2007)

Key Holding:

The Court reaffirmed the principle that district courts should not dismiss pro se complaints unless it is clear that no set of facts in support of the claim could entitle the plaintiff to relief.

Details:

In this case, a prisoner filed a pro se complaint alleging that prison officials had discontinued necessary medical treatment. The lower courts had dismissed the complaint, but the Supreme Court reversed, emphasizing that even under the notice pleading standard, pro se complaints are entitled to be liberally construed. The Court concluded that the plaintiff's simple allegations were sufficient to allow the case to proceed.

Significance:

This case underscores that pro se complaints, even those lacking technical detail, should be allowed to proceed if there is a plausible claim, and courts should not prematurely dismiss them.

3. Hughes v. Rowe, 449 U.S. 5 (1980)

6

Key Holding:

The Court reaffirmed the rule that district courts must provide pro se plaintiffs with opportunities to amend their complaints before dismissal, unless the claims are clearly without merit.

Details:

Hughes was a pro se prisoner who alleged constitutional violations by prison officials under 42 U.S.C. § 1983. The district court dismissed his complaint without allowing him the opportunity to amend. The Supreme Court reversed, holding that courts must give pro se plaintiffs an opportunity to correct deficiencies in their complaints. The Court emphasized that a pro se plaintiff should be afforded the right to amend unless the claim is utterly frivolous.

Significance:

This case emphasizes that courts should not dismiss pro se plaintiffs' claims without providing them an opportunity to amend, ensuring access to the judicial process and protecting against unfair dismissal.

4. Estelle v. Gamble, 429 U.S. 97 (1976)

Key Holding:

7

The Court held that even pro se plaintiffs are entitled to have their complaints reviewed liberally, particularly in cases involving constitutional violations.

Details:

In Estelle v. Gamble, a prisoner alleged that prison officials violated his Eighth Amendment rights by failing to provide necessary medical care. The Court held that the pro se complaint, which lacked specific details, was still sufficient to state a claim for relief, and the case should proceed to discovery. The Court made clear that pro se plaintiffs should not be dismissed based on the technicality of their complaint, particularly where constitutional rights are at stake.

Significance:

This case affirms the importance of allowing pro se plaintiffs to have their claims heard in cases where constitutional violations are alleged, and it underscores the principle of liberal construction of pro se pleadings.

5. Boag v. MacDougall, 454 U.S. 364 (1982)

Key Holding:

8

The Court stated that pro se plaintiffs should not be held to the same strict standards as attorneys, and courts must carefully consider the claims, particularly when a pro se plaintiff is asserting constitutional rights.

Details:

In this case, a pro se prisoner filed a civil rights complaint. The district court dismissed the case on procedural grounds, but the Supreme Court reversed, reaffirming that pro se litigants should not face overly strict procedural requirements and that their claims should be given full consideration.

Significance:

This case reinforces the notion that pro se plaintiffs are entitled to a fair opportunity to present their claims, and their lawsuits should not be dismissed prematurely for minor procedural issues.

6. Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984)

Key Holding:

The Court discussed the importance of giving pro se plaintiffs opportunities to rectify their procedural mistakes and not dismiss their cases too quickly, especially when those mistakes are technical in nature.

9

Details:

The plaintiff in this case failed to meet a procedural deadline for filing a discrimination claim. Although the lower courts dismissed the case based on this missed deadline, the Supreme Court stressed that pro se litigants, due to their lack of legal knowledge, should not be penalized with dismissal when they make procedural errors. The Court emphasized that pro se plaintiffs should be given some leeway to correct mistakes.

Significance:

This case further underscores the importance of providing pro se plaintiffs with the opportunity to correct mistakes and ensuring they are not prematurely penalized for procedural errors.

Conclusion

These Supreme Court cases collectively support the principle that pro se plaintiffs should be given substantial leeway in presenting their claims. District courts are required to liberally construe their filings, afford them an opportunity to amend their complaints if deficiencies are found, and not dismiss claims prematurely unless they are clearly without merit. Courts should provide pro se litigants with the chance to correct technical

10

deficiencies and should focus on whether the claims, if true, could

potentially lead to relief. However, if your Honor is still not convinced,

Here's are some federal case law and summary for the argument that district

courts should not be too quick to dismiss pro se civil motions and complaints,

along with the revised case law for both general civil litigation and prison

conditions:

Federal Case Law on Protecting Pro Se Plaintiffs in Civil Litigation:

1. Jones v. Bock, 549 U.S. 199 (2007)

Key Holding:

The Supreme Court emphasized that pro se complaints should not be dismissed

for failure to state a claim unless it is clear that no plausible claim exists. Pro se

plaintiffs are entitled to a liberal construction of their claims, and dismissal is only

appropriate when it is clear that the complaint lacks merit.

Details:

In Jones v. Bock, the Court dealt with a pro se § 1983 claim. While the case

specifically involved civil rights claims, the principle of liberal construction of

complaints and avoiding premature dismissal is applicable to all civil actions. The

Court reiterated that courts should give pro se litigants a chance to amend their

11

complaints or at least allow them an opportunity to explain the basis of their

claims.

Significance:

This decision underscores that courts should be reluctant to dismiss pro se

complaints too quickly and should allow such plaintiffs a chance to pursue their

claims, unless it is unequivocally clear that no viable claim exists.


2. Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)

Key Holding:

The Supreme Court ruled that pro se complaints should not be dismissed for

insufficient factual allegations as long as they give notice of the claims. The Court

affirmed that a plaintiff only needs to provide sufficient notice to the defendant

regarding the nature of the claims, and that pro se plaintiffs are not held to the

same standard as attorneys.

Details:

In Swierkiewicz, the Court emphasized that the rules of notice pleading, which

apply to pro se plaintiffs, should not be interpreted strictly. A pro se plaintiff is not

required to plead specific facts with the same level of precision expected from

12

represented parties. Instead, a general statement of the claim is sufficient to give

the defendant fair notice.

Significance:

This case reinforces the idea that courts should allow pro se litigants leeway in

terms of pleading standards, recognizing that their complaints should not be

dismissed merely for technical deficiencies.


3. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507

U.S. 163 (1993)

Key Holding:

The Court held that federal courts cannot impose heightened pleading standards

on civil rights plaintiffs (or pro se plaintiffs in general) beyond what is required by

Rule 8(a) of the Federal Rules of Civil Procedure. Pro se plaintiffs should not be

held to a higher standard when it comes to providing factual allegations in their

complaints.

Details:

The Court ruled that a civil rights plaintiff, even when filing a pro se complaint,

cannot be required to meet additional pleading standards not specified in Rule

8(a). In this case, the pro se plaintiff's civil rights complaint was dismissed for

13

failure to meet "heightened" pleading requirements, which the Court determined was inappropriate.

Significance:

This decision is important because it reinforces the idea that pro se plaintiffs are entitled to a more forgiving standard for their claims and that courts should not require more than the minimum standard set out in Federal Rule 8(a).

4. Bautista v. Los Angeles County, 216 F.3d 837 (9th Cir. 2000)

Key Holding:

The Ninth Circuit reaffirmed that pro se plaintiffs must be given opportunities to amend their complaints before dismissal, particularly when constitutional claims are involved.

Details:

The Ninth Circuit in Bautista held that pro se plaintiffs should not have their complaints dismissed without a chance to amend them. The case highlights the principle that courts should be flexible with pro se litigants, especially when claims of constitutional violations are involved, and ensure that these plaintiffs are allowed to develop their case.

Significance:

14

This case supports the argument that pro se plaintiffs should not face premature dismissal, and courts should allow such plaintiffs to amend their claims before considering dismissal.

5. Shah v. California Institute of Technology, 2019 WL 12269702 (9th Cir. 2019)

Key Holding:

The Ninth Circuit reiterated that pro se plaintiffs must be given ample opportunity to amend their complaints and should not face dismissal based on technical deficiencies.

Details:

This case emphasized that a pro se plaintiff should be afforded more latitude in drafting their complaint and that their lack of legal knowledge should not result in immediate dismissal. Courts must ensure pro se litigants are given every chance to clarify and amend their claims.

Significance:

This case reaffirms that the courts should adopt a flexible, non-technical approach when dealing with pro se plaintiffs, allowing them to amend their complaints before dismissing them.

6. McNeil v. United States, 508 U.S. 106 (1993)

Key Holding:

15

In this case, the Supreme Court held that a pro se plaintiff should be given an opportunity to amend their complaint before dismissal, particularly when the errors are not necessarily jurisdictional.

Details:

The Court emphasized fairness in the judicial process and recognized that a pro se plaintiff's inability to comply with procedural rules should not automatically result in the dismissal of their claims. The Court reasoned that the litigant should be given a chance to correct deficiencies in their case.

Significance:

This case highlights the general principle that courts must be careful before dismissing a pro se plaintiff's claim. There should be a chance to amend the complaint, and dismissals should be based on substantive failures rather than technical ones.

Conclusion:

These cases collectively emphasize that district courts must be careful not to dismiss pro se plaintiffs' civil motions or complaints too hastily. Courts are expected to apply a more lenient standard, providing pro se litigants with opportunities to amend their complaints and clarify their claims. This approach

16

ensures that pro se plaintiffs are not unjustly denied access to the courts simply

because they may not meet the same technical pleading standards as represented

parties.

By incorporating these precedents, plaintiffs are given a fair chance to present

their case and address any deficiencies in their claims before facing dismissal.

Courts should therefore only dismiss pro se complaints when it is absolutely clear

that no claim can be sustained, ensuring that constitutional rights and access to

the court system are preserved.

These cases should help bolster your argument for why the district court should

be cautious in dismissing pro se civil complaints, whether the case concerns

prison conditions, employment, or other general civil litigation matters.

Let me know if you need any further clarification or additional cases!

Thank you for your time and Consideration

Respectfully Submitted,

[Imhotep A. Muhammad]

[2140 N 7th St Harrisburg, PA]

[717-562-6375]

[Imhotep756@gmail.com]